IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TIMOTHY SAENZ,** | Case No. 3:14-cv-01696-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,** Commissioner of Social Security, | |
| Defendant. | |

Tim Wilborn, Wilborn Law Office, P.C., P.O. Box 370578, Las Vegas, NV 89127. Attorney for Plaintiff.

Billy J. Williams, Acting United States Attorney, and Janice E. Herbert, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-2240. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Timothy Saenz seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is based on the proper legal standards and the findings are supported by substantial evidence, the decision is AFFIRMED.

OPINION & ORDER – 1

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th. Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quotation marks omitted)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and the Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). However, a reviewing court may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

**BACKGROUND**

**A. Plaintiff's Application**

Mr. Saenz filed applications for DIB and SSI on November 12, 2009, alleging disability as of March 1, 2007. AR 118-21, 203-04. Born in June, 1961, Mr. Saenz was 45 years old on the

alleged disability onset date and 50 at the time of the hearing. AR 78, 256. He speaks English and has earned a GED. AR 259, 263. He alleges disability due to: alcoholism, depression, and back problems. AR 260. The Commissioner denied his application initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). AR 159, 160-61. After an administrative hearing held on August 29, 2011, the ALJ found Mr. Saenz not disabled in a decision dated October 11, 2011. AR 25-34. The Appeals Council denied Mr. Saenz's subsequent request for review on August 27, 2014. AR 1-3. The ALJ's decision thus became the final decision of the Commissioner, and Mr. Saenz sought review in this Court.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 432(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An

OPINION & ORDER – 3

> impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

> 3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

> 4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant

OPINION & ORDER – 4

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis. Tr. 40-52. At step one, the ALJ found Mr. Saenz had not engaged in substantial gainful activity since March 1, 2007, the alleged onset date. AR 27. At step two, the ALJ concluded that Mr. Saenz had the severe impairment of lumbago and degenerative disc disease of the lumbar spine. *Id.* At step three, the ALJ determined that Mr. Saenz did not have an impairment or combination of impairments that met or equaled a listed impairment. AR 28.

The ALJ next assessed Mr. Saenz's RFC and found that he could perform sedentary work except that he can do no more than occasional climbing, crawling, kneeling, balancing, stooping, and crouching. AR 28. At step four, the ALJ found that Mr. Saenz had no past relevant work. AR 31. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that prior to June 25, 2011, the date Mr. Saenz's age category changed, he could perform jobs that exist in significant numbers in the national economy including cashier and small products assembly. AR 32-33. Accordingly, the ALJ found Mr. Saenz not disabled. AR 33-34.

# DISCUSSION

Mr. Saenz argues that the ALJ erred by (1) discrediting his testimony; (2) discrediting medical opinion evidence; (3) discrediting lay witness testimony; and (4) failing properly to identify jobs in the national economy at step five.

## A. Plaintiff's Credibility

There is a two-step process for evaluating the credibility of a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vazquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 503 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Ortez v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ may consider objective medical evidence and the claimant's treatment history, daily activities, work record, and observations of physicians and third parties regarding claimant's alleged functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities, the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* Social Security Ruling ("SSR") 96-7p, *available at* 1996 WL 374186. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom "is not substantiated affirmatively by the objective medical evidence." *Robbins*, 466 F.3d at 883.

Further, the Ninth Circuit has stated that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting claimant's testimony are upheld. *Batson*, 359 F.3d at 1197. Here, the ALJ found that Mr. Saenz's "allegations have limited credibility." AR 29. In support, the ALJ explained Mr. Saenz provided inconsistent testimony regarding alcohol use, and noted examples where Mr. Saenz's symptom allegations were not supported by the medical evidence. AR 29-31. Mr. Saenz contends that the ALJ failed to provide clear and convincing reasons for discrediting his testimony.

OPINION & ORDER – 7

The ALJ provided a detailed explanation of inconsistencies in Mr. Saenz's testimony regarding his use of alcohol over the years. AR 29. Mr. Saenz acknowledges that his statements regarding alcohol use are "inconsistent." Pl.'s Br. 12. Mr. Saenz nonetheless argues that any inconsistency is explained by the fact that "[a]lcoholic binges are widely known to result in memory deficits . . . [i]t is entirely possible [Mr. Saenz] does not remember the circumstances surrounding his binge drinking and/or possible lost jobs as a result." *Id.* However, whether alcoholic binges have affected Mr. Saenz's recall abilities, an ALJ may rely on a claimant's conflicting reports regarding alcohol consumption to support an adverse credibility finding. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding it was appropriate for the ALJ to infer that the plaintiff's lack of candor in describing her drug and alcohol use undermined her allegations about physical pain (citing *Verduzco v. Apfel*, 188 F.3d, 1087, 1090 (9th Cir. 1999) (relying on inconsistent statements about alcohol use to reject claimant's testimony))). Indeed, inconsistent statements by a claimant provide a specific, clear, and convincing reason to discount credibility. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); SSR 96-7p at *5.

Here, the ALJ presented more than one example of inconsistent statements by Mr. Saenz. AR 29. Mr. Saenz reported in 2009 that he was clean and sober for more than a year. AR 277. He explained that alcoholism has limited his ability to concentrate and maintain standard job requirements. AR 260. Mr. Saenz further reported that he lost jobs at a golf course and as a loss prevention officer due to alcohol use. AR 277, 367. During the hearing, however, Mr. Saenz insisted that alcohol was not a contributing factor in his work performance or marked diminution in earnings after 2002. AR 88-92. Instead, Mr. Saenz attributed his loss of earnings to "wearing down" with age. AR 92. Mr. Saenz also attributed his job loss to his brother's homicide, however, as the ALJ noted, that unfortunate event did not occur until 2007 or 2008, years after

OPINION & ORDER – 8

the period at issue. AR 90-91. As such, substantial evidence supports the ALJ's finding of inconsistent testimony.

Mr. Saenz's assertion that "[b]efore an ALJ may properly rely on an inconsistency to find a claimant not credible, the inconsistency must have some bearing on the disability claim" is unavailing for two reasons. First, the case Mr. Saenz cites in support, *Kaur v. Gonzalez*, 418 F.3d 1061 (9th Cir. 2005), involves a denial of asylum, and therefore is inapposite. Second, the inconsistency noted by the ALJ does have bearing on the disability claim, because it illustrates that Mr. Saenz arguably left at least two previous jobs due to alcohol use rather than his back impairment. *See, e.g.*, *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ may consider claimant's reason for leaving work in assessing credibility of pain allegations). Further, the Ninth Circuit has long held that the ALJ may employ ordinary techniques of credibility evaluation when assessing a claimant's veracity. *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989). Such techniques may include a claimant's reputation for lying, prior inconsistent statements, or vague answers regarding an alleged disability. *See, e.g.*, *Tommassetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Here, as Mr. Saenz concedes, his explanations regarding alcohol use were clearly inconsistent; thus, the ALJ's finding was adequately supported. Moreover, even if the evidence were susceptible to more than one rational interpretation, the ALJ's finding must be upheld. *Burch* at 680-81.

The ALJ also found Mr. Saenz's allegations regarding the severity of his impairment inconsistent with the objective evidence. The ALJ noted that in 2009, Donald Ramsthel, M.D., was unable to complete several range of motion tests due to "tremendous" pain behavior. AR 409. Dr. Ramsthel also indicated Mr. Saenz "seems to have a victim mentality and has completely given up." AR 410. In January 2011, Bradley Bergquist, M.D., performed a

OPINION & ORDER – 9

consultative examination of Mr. Saenz. Dr. Bergquist reviewed an MRI scan, which he interpreted as showing no nerve root or spinal cord compression that would require surgery. AR 445. In 2010, Paul Ash, M.D., Ph.D. examined Mr. Saenz and reported "maximum deficit with minimal findings and negative [imaging] studies to date." AR 434. Accordingly, the ALJ inferred that Mr. Saenz's extreme pain behavior and allegations of severe impairment were not fully credible.

Dr. Ash further noted Mr. Saenz likely "has an exaggeration of a more mundane lumbar strain." *Id.* The ALJ interpreted Dr. Ash's statement to mean that Mr. Saenz was "exaggerating" a "mundane" lumbar strain, "as there were minimal objective findings to support the alleged limitations." AR 31. Mr. Saenz argues that considering the context of Dr. Ash's sentence, it is clear that "exaggeration" means "exacerbation." Pl.'s Br. 4; AR 434. Although it is possible Dr. Ash's chart note included an inadvertent word substitution, the ALJ's interpretation of the notation is rational and supported by the record, and therefore upheld. *Burch*, 400 F.3d at 680-81. Even assuming for the sake of argument that Dr. Ash intended to report Mr. Saenz "has an exacerbation of a more mundane lumbar strain," the doctor nonetheless noted "minimal" objective findings and indicated that even if Mr. Saenz had a cervical radiculopathy, it did not cause his "apparent disability." AR 434. Moreover, as noted above, Dr. Bergquist's subsequent review of the cervical MRI showed "no significant canal or foraminal stenosis, the cord signal is normal and alignment is normal." AR 444.

Thus, for the reasons explained herein, the court is satisfied the ALJ provided legally sufficient rationales supported by substantial evidence in the record such that Mr. Saenz's testimony was not arbitrarily discredited. *Bunnell*, 947 F.2d at 345.

**B. Medical Opinion Evidence**

Mr. Saenz argues the ALJ improperly rejected the December 2009 functional capacity assessment of Dr. Ramsthel. AR 30, 410. The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Additionally, the ALJ must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with a treating physician's opinion, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, or inconsistency with a claimant's activities of daily living. *Tommasetti*, 533 F.3d

at 1040. It is error to reject an examining physician's medical opinion without providing reasons for doing so; an ALJ effectively rejects an opinion when he ignores it. *Smolen*, 80 F.3d at 1286.

Dr. Ramsthel's opinion regarding Mr. Saenz limitations is contradicted by the opinions of reviewing physicians. State agency reviewing physician Dr. Jensen indicated Mr. Saenz could occasionally lift and carry ten pounds, could stand and walk two of eight hours per workday, and could sit up to six hours per workday. AR 390. State agency reviewing physician Dr. Eder also indicated less severe limitations that those noted by Dr. Ramsthel. AR 398.

Plaintiff argues that insofar as the state agency doctors were the only physicians who contradicted Dr. Ramsthel, their opinions do not constitute substantial evidence, and therefore may not support rejection of Dr. Ramsthel's opinion. The Ninth Circuit has, however, "consistently upheld the Commissioner's rejection of the opinion of a treating or examining physician, based *in part* on the testimony of a nontreating, nonexamining medical advisor." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted) (emphasis in original). For example, in *Morgan*, the court held that an examining psychologist's opinion was properly discounted based on Morgan's alcohol use and his less-than-credible testimony. Similarly, the ALJ in the instant case pointed to specific evidence in addition to the opinions of the non-examining state agency doctors in discounting Dr. Ramsthel's opinion. The ALJ noted x-rays taken the same month of Dr. Ramsthel's opinion "showed only mild lumbar degeneration." AR 30, 363, 373. The ALJ further explained that Dr. Ramsthel's opinion was based on an incomplete examination, inferring that the doctor's opinion was predicated on subjective rather than objective evidence because Dr. Ramsthel identified abnormalities only in Mr. Saenz's gait and left shoulder. AR 30, 408-10. Because the ALJ previously found Mr. Saenz lacked credibility, it follows that insofar as Dr. Ramsthel's opinion was based on Mr. Saenz's

subjective complaints, it too lacked credibility. The ALJ is responsible for resolving conflicts in the medical testimony, and resolving ambiguity. *Andrews*, 53 F.3d at 1041. Here, the ALJ provided specific and legitimate reasons to discredit Dr. Ramsthel and adopt the functional capacity opinions of the state agency doctors. AR 31. Accordingly, the ALJ's finding is upheld. *Morgan*, 169 F.3d at 602.

### C. Lay Witness Testimony

Mr. Saenz argues that the ALJ improperly rejected the lay testimony of his wife, Ida Saenz, and his friend, Jessica Fox. Ms. Saenz completed a questionnaire describing physical limitations and testified at the hearing, while Ms. Fox completed a questionnaire describing limitations.

Lay testimony regarding a claimant's symptoms or how an impairment affects claimant's ability to work is competent evidence that an ALJ must take into account. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted). The ALJ must provide "reasons germane to each witness" in order to reject such testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations omitted). The ALJ noted Ms. Saenz "stated that alcohol use has not been a problem for [Mr. Saenz], even though the claimant reported work- and domestic violence-related problems from daily drinking in the past." AR 31. Statements that are inconsistent with a claimant's own allegations provide a germane reason to discount a lay witness's testimony. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Thus, the ALJ provided a specific, germane reason for discounting Ms. Saenz's testimony.

The ALJ found Mr. Saenz's friend, Ms. Fox, provided credible testimony to the extent it was consistent with Mr. Saenz's reports of frequent alcohol use. AR 29, 287-94. Mr. Saenz, however, argues that the ALJ failed to address physical limitations Ms. Fox described in her

OPINION & ORDER – 13

questionnaire. For example, Ms. Fox indicated via check-boxes that Mr. Saenz's condition affected his ability to lift, stand, walk, kneel, concentrate, complete tasks, and get along with people. AR 292. Ms. Fox's statements, however, are not facially inconsistent with the RFC. The ALJ found Mr. Saenz limited to sedentary work, "with no more than occasional climbing, crawling, kneeling, balancing, stooping, and crouching." AR 28. Further, Ms. Fox did not describe the degree to which Mr. Saenz's functional abilities were limited; she merely noted that certain abilities were impacted by his impairment. AR 292. Thus, the ALJ did not disregard Ms. Fox's testimony, but rather considered her questionnaire testimony and provided an RFC that was consistent with her observations of Mr. Saenz. *See Nguyen*, 100 F.3d at 1467.

Further, even if the ALJ failed to incorporate specific limitations discussed by the lay witnesses, any error was harmless. Where an ALJ fails to explain the reasons for rejecting lay witness testimony, or a portion thereof, the error is harmless when the lay witness testimony does not describe limitations beyond those already described by a plaintiff who has properly been found not credible. *Molina*, 674 F.3d at 1122 (finding that "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" (alterations in original) (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)). Further, because opinions from medical sources are generally more credible than testimony from lay witnesses, an ALJ may choose not to adopt every limitation proffered by a lay witness when the testimony is inconsistent with the medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Accordingly, to the extent the ALJ erred in not discussing each impairment noted by the lay witnesses, any error was harmless.

**D. Step Five Findings**

Mr. Saenz argues the ALJ erred at step five by finding that Mr. Saenz was able to perform the occupations of cashier and small product assembler before June 25, 2011. Specifically, Mr. Saenz contends the ALJ failed to comply with SSR 00-4p, *available at* 2000 WL 1898704, which provides that step five findings must either be consistent with the Dictionary of Occupational Titles ("DOT") or supported by persuasive evidence to justify a deviation from it.

During the hearing, the VE identified a light exertional level cashier job in response to the ALJ's hypothetical question limiting a person to sedentary work. AR 116. The VE explained "the DOT classification for [cashier] is light, unskilled, SVP 2[,] but from my experience there are sedentary jobs." *Id.* Although Mr. Saenz contends that the ALJ failed persuasively to resolve the conflict between the DOT and the VE's testimony, the argument is unavailing. The Ninth Circuit has allowed the VE, as an "expert of the existence and characteristics of jobs available," to provide testimony that a claimant can work in jobs the DOT categorizes as "light," despite the claimant's restriction to sedentary work. *See, e.g.*, *Johnson*, 60 F.3d at 1436. Here, the VE asserted that there were cashier jobs in the national and local economies that Mr. Saenz could perform at a sedentary exertional level. AR 116. Accordingly, the VE adequately rebutted the presumption that Mr. Saenz could not perform the cashier position, and the ALJ subsequently resolved the conflict by determining the VE's explanation provided a reasonable basis upon which to rely. AR 33, 116; *see* SSR 00-4p at *4.

Mr. Saenz also argues that the ALJ's identification of small products assembler was erroneous, because it is "unlikely this occupation exists in significant numbers in Oregon or nationwide." In support, Mr. Saenz invites the court to entertain a scenario involving a

hypothetical Oregon sunglasses factory employing 1,500 product assemblers and "several thousand if not tens of thousands of people to build the entire pairs of sunglasses. Mr. Saenz contends that since "[w]e haven't heard about such a huge sunglasses manufacturing facility . . . common sense demonstrates that the vocational expert's testimony is simply wrong."

Mr. Saenz's argument lacks merit. The VE is not charged with identifying a single facility where all local small product assemblers could be employed. Mr. Saenz fails to provide any support, aside from hyperbole, that small product assembly job numbers are inadequate statewide or nationwide. *Id.* The VE's testimony that substantial numbers of relevant jobs exist in the local and national economies provides sufficient foundation for the ALJ's findings. *Bayliss*, 427 F.3d at 1218. The ALJ did not err at step five.

## CONCLUSION

The Commissioner's decision that Mr. Saenz was not disabled prior to June 25, 2011 is based on proper legal standards and the findings are supported by substantial evidence; thus, Mr. Saenz's request for remand (Dkt. 1) is DENIED. The Commissioner's decision is AFFIRMED.

DATED this 16th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge